# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FLOYD ANTHONY ADAMS, JR., )<br>)<br>             Petitioner, pro se, )<br>)<br>     v.                 )<br>)<br>UNITED STATES OF AMERICA,   )<br>)<br>             Respondent.     ) | **MEMORANDUM OPINION<br>AND RECOMMENDATION**<br><br>1:10CV921<br>1:08CR46-1 |

Petitioner Floyd Anthony Adams, Jr., a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 24).[1] Petitioner was indicted on, and later pled guilty to, a single count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (docket nos. 1, 11, 12). He was later sentenced to 180-months imprisonment based on his status as an Armed Career Criminal (docket no. 13; Presentence Report ¶ 16). Petitioner did not appeal, but instead brought his current motion under Section 2255. Respondent has filed a motion seeking to have Petitioner's motion dismissed (docket no. 29). Despite being notified of his right to file a response to the motion to dismiss (docket no. 30), Petitioner has not done so. Both motions are now before the court for decision.

---

[1] This and all further cites to the record are to the criminal case.

**DISCUSSION**

Respondent requests dismissal on the ground that the motion was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under 2255 after their effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under Section 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme

---

[2] "In [*Houston v. Lack*, 487 U.S. 266 (1988)], the Supreme Court held that a pro se prisoner's notice of appeal is filed on the date that it is submitted to prison officials for forwarding to the district court, rather than on the date that it is received by the clerk." *Morales-Rivera v. United States*, 184 F.3d 109, 110 (1st Cir. 1999). At least eight circuits "have applied th[is] prisoner mailbox rule to [establish the 'filing' date of] motions under 28 U.S.C. § 2254 or § 2255." *Id.* at 110-11 & n.3. In two published opinions issued since that consensus emerged, however, the United States Court of Appeals for the Fourth Circuit has declined to decide whether the prison mailbox rule applies in this context. *See Allen v. Mitchell*, 276 F.3d 183, 184 n.1 (4th Cir. 2001) ("Allen's petition was dated March 9, 2000, and it should arguably be treated as having been filed on that date. *Cf. United States v. Torres*, 211 F.3d 836, 837 n.3 (4th Cir. 2000) (declining to decide whether prison mailbox rule applies to filing of federal collateral review applications in district court). We take no position on that question here."); *but see Smith v. Woodard*, 57 Fed. Appx. 167, 167 n.* (4th Cir. 2003) (implying that *Houston*'s rule governed filing date of 2254 petition); *Ostrander v. Angelone*, 43 Fed. Appx. 684, 684-85 (4th Cir. 2002) (same). Because it does not appear the difference between the date Petitioner signed his first 2255 motion (i.e., the earliest date he could have given it to prison officials for mailing) and the date the Clerk received it would affect disposition of the timeliness issue, the court declines to consider this matter further at this time.

Court or (2) the expiration of the time for seeking such review. *Clay v. United States*, 537 U.S. 522 (2003). Where no direct appeal is filed, the conviction becomes final when the ten-day notice of appeal period expires. *Id.*; Fed. R. App. P. 4(b). Petitioner's judgment was entered on September 18, 2008. This means that Petitioner's time to file began to run on October 3, 2008. It then ran for a year and expired. Petitioner did not sign and date his 2255 motion as being given to prison officials for mailing until November 22, 2010. Because this is more than a year after his time to file under subsection (f)(1) had expired, his motion is not timely under that subsection. Only if another subsection gives Petitioner more time to file will his motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing his 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing this motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner does allege that he is relying upon such a right. Petitioner's only claim is that he should no longer be classified as an Armed Career Criminal because recent Supreme Court cases have overturned prior case law which held that breaking and entering convictions under N.C. GEN. STAT. § 14-54 are violent felonies

which qualify as predicate offenses for the Armed Career Criminal enhancement. Petitioner relies mainly on the cases of *Begay v. United States*, 553 U.S. 137, 140-48 (2008) and *Chambers v. United States*, 555 U.S. 122 (2009) in support of this claim. Unfortunately for Petitioner, the later of these two cases, *Chambers*, was decided on January 13, 2009. This is still more than a year before he filed his 2255 motion in November of 2010. Therefore, reliance upon these cases does not make Petitioner's motion timely under subsection (f)(3).[3]

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's claim is based on facts that existed and were known to him at the time of his sentencing. Therefore, this subsection also does not apply; and Petitioner's motion is untimely.

Finally, the Supreme Court has determined that the one-year limitation period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. ___, ___,130 S. Ct. 2549,

---

[3] Petitioner's claims would also fail on the merits and should be denied for that additional reason. After *Chambers* and *Begay* were decided, the United States Court of Appeals for the Fourth Circuit has at least twice revisited the issue of whether or not felony breaking and entering convictions from North Carolina are "violent felonies" for purposes of the Armed Career Criminal enhancement. It has concluded that they are. *United States v. Carr*, 592 F.3d 636 (4th Cir. 2010); *United States v. Thompson*, 588 F.3d 197, 200-01 (4th Cir. 2009). Petitioner does also cite at one point to the more recent Supreme Court case of *Johnson v. United States*,___ U.S. ___, 130 S. Ct. 1265 (2010); however, *Johnson* does not change matters. It involved the parameters of the phrase "has as an element the use . . . of physical force against the person of another" as used in 18 U.S.C. § 924(e)(2)(B)(i). This phrase is used **in addition to** a list of specific enumerated violent felonies that will support an Armed Career Criminal enhancement under § 924(e)(2)(B)(ii). "Burglary" is one of the enumerated offenses listed in § 924(e)(2)(B)(ii). As already explained, the Fourth Circuit has held that all felony breaking and entering convictions from North Carolina are "burglaries." *Johnson* is simply inapplicable here and cannot affect either the timeliness of the 2255 motion or the merits of the case.

2562 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner has made no argument in support of any equitable tolling, and no basis for tolling is apparent in the record. Petitioner's motion is untimely. Respondent's motion should be granted, while Petitioner's motion should be dismissed or, alternatively, denied on the merits.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (docket no. 29) be granted, that Petitioner's motion to vacate, set aside or correct sentence (docket no. 24) be **DISMISSED** or, alternatively, **DENIED**, and that Judgment be entered dismissing this action.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, N.C.
May 31, 2011